FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND 2013 JUN -7  P 1: 41

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STONE INTERNATIONAL, INC. <br> d/b/a STONETRADE, <br> Plaintiff, | : <br> : <br> : <br> : | |
| v. | : <br> : | |
| Granite Trading Corporation <br> f/k/a Stone Trading Corporation, | : <br> : | C.A. No. |
| and | : <br> : <br> : | CA 13- 425ML-PAS |
| Granite Trade, Inc. <br> f/k/a Stone Trade, Inc., | : <br> : <br> : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Stone International, Inc. d/b/a Stonetrade ("Stonetrade") sues defendants

Granite Trading Corporation and Granite Trade, Inc. (collectively referred to as

"Defendants"), stating upon personal knowledge with respect to itself and its own acts,

and upon information and belief as to all other matters as follows:

## PARTIES

1.     Plaintiff Stone International, Inc. d/b/a Stonetrade is a corporation

organized under the laws of the State of Georgia, with its principal place of business in

Rhode Island.

2     Defendant Granite Trading Corporation is a corporation organized under

the laws of the State of California, with its principal place of business in San Leandro,

California.

3. Defendant Granite Trade, Inc. is a corporation organized under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada.

4. Defendant Granite Trading Corporation and Defendant Granite Trade, Inc. share common management and control.

## NATURE OF THE CLAIMS

5. This is an action for trademark and service mark infringement under Section 32 of the Lanham Act, 15 U.S.C. §1114, unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), common law trademark infringement under the laws of the State of Rhode Island.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under the Lanham Act pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a), and 1338(b).

7. This Court also has supplemental jurisdiction over the state law claims included herein pursuant to 28 U.S.C. §1367, as such claims are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy.

8. This Court has jurisdiction over Defendants and venue is properly in this Court under 28 U.S.C. §§1391(b) and (c), as through Defendants' intentional acts and Defendants' knowledge that its' conduct would harm, and did, in fact cause harm, to the Plaintiff in this forum and such acts were expressly aimed at Plaintiff in Rhode Island.

## BACKGROUND

### Stonetrade and its STONETRADE Mark

9.      Stonetrade's primary line of business is the importation and provision of natural stone for residential and commercial applications.

10.     Stonetrade first began using the STONETRADE mark in commerce in or about January 1990.

11.     Stonetrade applied for a federal registration for the STONETRADE mark on September 6, 1990. The United States Patent and Trademark Office issued a federal service mark registration, Reg. No. 1,703,618 dated July 28, 1992. A copy of the service mark registration is attached as Exhibit A.

12.     Stonetrade has been the exclusive owner of the federal service mark registration at all times since its registration.

13.     Stonetrade has continually used the STONETRADE mark in interstate commerce at all times since its registration in connection with and to identify its importation and provision of natural stone.

14.     The STONETRADE mark is now incontestable under 15 U.S.C. §1065.

15.     Consistently since on or about January 1990, Stonetrade has used the STONETRADE mark in connection with and to identify its importation and provision of natural stone and to distinguish its services and products from those similar goods and services offered by other companies, by, and without limitation, prominently displaying the STONETRADE mark on its products, advertising, and promotional materials. Stonetrade's products and services sold under the STONETRADE mark and brand name are provided nationwide, including in the states of California and Nevada.

## DEFENDANTS' UNLAWFUL ACTIVITIES

Defendants' Infringing Activities
Regarding the STONETRADE Mark

16.     Defendant Granite Trade, Inc. has adopted and is using the mark STONE

TRADE  and Defendant Granite Trading Corporation has adopted and is using the mark

STONE TRADING (together the "Infringing Marks") in connection with the importation

and provision of natural stone for residential and commercial applications.

17.     Defendants began use of the Infringing Marks long after Stonetrade's

adoption and use of the STONETRADE mark.

18.     Defendants' use of the Infringing Marks in connection with the

importation and provision of natural stone products has been made notwithstanding

Stonetrade's well-known and prior established rights in the STONETRADE mark and

with both actual and constructive notice of Stonetrade's federal registration rights under

15 U.S.C. § 1072, including correspondence addressed to Defendants providing notice of

the infringing conduct.

19.     Defendant Granite Trading Corporation's infringing acts have caused, and

unless enjoined by this Court, will continue to cause, irreparable injury and other damage

to Plaintiff's business, reputation, and goodwill in its federally registered STONETRADE

mark. Stonetrade has no adequate remedy at law.

4

## COUNT I
(Unfair Competition and False Designation of Origin Under
Section 43(a) of the Lanham Act)

20.     Stonetrade hereby realleges and incorporates herein the allegations set

forth in paragraphs 1 through 19 of this Complaint.

21.     Defendants' conduct complained of herein constitutes violation of Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

22.     Defendants' use of the Infringing Marks constitutes a false designation of

origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C.

§ 1125 (a).

23.     Defendants' conduct challenged herein was and is intentional and willful.

24.     Stonetrade has suffered and continues to suffer irreparable harm as a result

of such violations of law for which there is no adequate remedy at law.

## COUNT II
(Service Mark Infringement Under
Section 32 of the Lanham Act)

25.     Stonetrade hereby realleges and incorporates herein the allegations set

forth in paragraphs 1 through 19 of this Complaint.

26.     Defendants' use of the Infringing Marks as service marks infringe

Stonetrade's exclusive rights in its federally registered STONETRADE mark in violation

of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), in that such conduct is likely to

cause confusion and mistake and to cause the relevant public to mistakenly believe that

Defendants' services emanate from, are authorized, endorsed, sponsored, or licensed by,

or connected or affiliated in some way with Stonetrade.

27.     Defendants' acts are without license or permission from Stonetrade.

5

28.     Defendants' infringing acts have been with full knowledge of Stonetrade's rights in the STONETRADE mark.

29.     Defendants' conduct challenged herein was and is intentional and willful.

30.     Stonetrade has suffered and will continue to suffer irreparable harm as a result of such violations of law for which there is no adequate remedy at law.

## COUNT III
(Common Law Trademark Infringement)

31.     Stonetrade hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 19 of this Complaint.

32.     Defendants' wrongful acts as foresaid have confused and likely will continue to cause confusion with Stonetrade's STONETRADE mark, and thereby constitute service mark infringement in violation of the common law of the State of Rhode Island.

33.     Defendants' conduct challenged herein was and is intentional and willful.

34.     Stonetrade has suffered and will continue to suffer irreparable harm as a result of such violations of law for which there is no adequate remedy at law.

## RELIEF REQUESTED

Plaintiff Stonetrade respectfully requests judgment against Defendants as follows:

A.     Preliminarily and permanently enjoying Defendants, their agents, servants, directors, principals, officers, employees, successors, assigns, and all those acting under their control or the control of their subsidiaries, affiliates, or divisions and/or on their behalf and/or in concert, from using the STONETRADE mark, and any name or mark derived from, based on or confusingly similar to the STONETRADE mark, alone or in

6

combination with other words, phrases, and/or designs, including without limitation, any other name or mark containing the term STONETRADE for any purpose and from otherwise infringing or diluting the distinctive quality of the STONETRADE mark;

B.     That the court order Defendants to surrender for destruction all products, nameplates, labels, brochures, catalogs, advertisements and other materials infringing upon the STONETRADE mark or otherwise deceiving the public concerning the original of Defendants' products or services.

C.     Direct Defendants or their attorneys to file with this Court and service upon Stonetrade's counsel within ten (10) days of Entry of Judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the Court's Judgment;

D.     Ordering that Stonetrade be awarded:

(1)     All of Defendants' profits, gains, and advantages derived from the unauthorized appropriation of Stonetrade's goodwill in its mark as part of Defendants' names, to identify Defendants' services and products;

(2)     All of Stonetrade's costs in this action, and Stonetrade's reasonable attorneys' fees and expenses;

E.     Ordering that Stonetrade be awarded enhanced damages under the Lanham Act in an amount not to exceed three times actual damages; and

F.     Ordering that Stonetrade be awarded such other and further relief as the Court deems just and proper.

Signed this 7th day of June 2013.

Respectfully submitted,

Seth Yurdin, Esq.  (#7407)
86 Weybosset Street STE 400
Providence, RI 02903
(401) 484-7207
(401)  489-7563 FAX
syurdin@yurdinlaw.com